IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RAYMOND E. WASHINGTON, 600-07,     )
      Petitioner,                             )
                              )
          v.                                )    Civil Action No. 07-386
                              )
COMMONWEALTH OF                    )
PENNSYLVANIA, et al.,              )
      Respondents.                           )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Raymond E. Washington for a writ of habeas corpus be dismissed and that a certificate of appealability be denied for failure to exhaust state court remedies.

II. Report:

Raymond E. Washington, an inmate at the Westmoreland County Jail, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

As set forth in the petition and attached exhibits, on or about March 7, 2006, the petitioner was arrested on numerous drug charges; that a preliminary hearing was conducted on or about March 17, 2006; that he was not notified of the charges against him until his plea hearing on January 30, 2007; that he was thereafter entered into the state penal system to serve a five to ten year sentence; that on  February 28, 2007, he was returned to Common Pleas court, his plea and sentences were vacated and the case was placed on the trial list; that he has remained

incarcerated since that time and that his state and federal sentences were to be served concurrently. As a result the petitioner seeks to have the state charges dismissed.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Braden v.  30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Doctor v. Walters</u>, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. <u>Preiser v. Rodriguez</u>, <u>supra</u>.; <u>Walker v. Vaughn</u>, 53 F.3d 609 (3d Cir.  1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. <u>Carter v. Vaughn</u>, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court

of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In <u>Hameen v. Delaware</u>, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in <u>Williams v. Taylor</u> held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."  The Court in <u>Williams v. Taylor</u> made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the petitioner does not allege that he raised the issues he seeks to raise here in the state trial and appellate courts, nor as a result of the short time lapse involved could he have done so. Additionally, he has not made any showing of good cause for failing to do so or that requiring him to exhaust the available remedies would be an exercise in futility. Thus, a procedural default has occurred because the petitioner has failed to exhaust the available state court remedies and it is recommended that his petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Within thirteen (13) days after being served, any party may serve and file written

objections to the Report and Recommendation. Any party opposing the objections shall have

seven (7) days from the date of service of objections to respond thereto. Failure to file timely

objections may constitute a waiver of any appellate rights.


Respectfully submitted,

s/Robert C. Mitchell,
Entered: March 27, 2007                    United States Magistrate Judge